# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### MIAMI CIVIL DIVISION

MICHAEL FRIEDLAND,

    *Plaintiff*,

v.                                                                                                  Case No.:

ROYAL CARIBBEAN CRUISES, LTD.,

    *Defendant*.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Michael Friedland, sues Defendant, Royal Caribbean Cruises, Ltd., for compensatory damages and alleges as follows:

## FACTS COMMON TO ALL

1. Plaintiff is a resident of Illinois and was a fare paying passenger aboard the cruise ship SYMPHONY OF THE SEAS in December of 2018.

2. Defendant, Royal Caribbean Cruises, Ltd. ("Royal Caribbean"), is a Liberian corporation doing continuous and systematic business in the Southern District of Florida by operating seagoing vessels in Florida. Royal Caribbean's principal place of business is in Florida.

3. Plaintiff seeks damages in excess of $75,000, exclusive of interest, costs, and attorney's fees.

4. Diversity jurisdiction is proper pursuant to 28 U.S.C. § 1332, as the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states and/or citizens of a state and citizens or subjects of a foreign state.

5. Admiralty jurisdiction also exists pursuant to 28 U.S.C. § 1333 as the causes of action asserted are maritime torts.

6. Venue is proper under 28 U.S.C. § 1391, and also because of the forum selection clause contained within the Defendant's Passenger Contract Ticket.

7. On December 7, 2018, Plaintiff was a passenger on the SYMPHONY OF THE SEAS. The ship left port at Labadee, Haiti, earlier in the day and was at sea, in route to the next port. The Plaintiff was reading and lying in a lounge chair which had been placed in the water at the "beach" or shallow end of an exterior pool on the ship.

8. As the Plaintiff was in the lounge chair, an umbrella that was about 10-15 feet away from the Plaintiff became dislodged from its table and was thrown by the wind in Mr. Friedland's direction. He was suddenly and unexpectedly struck by the pole of the umbrella on the left side of his head.

9. At the time Mr. Friedland was injured, there was a ship's lifeguard working in the area who witnessed the incident.

10. There no warnings in the area that the umbrellas were unsecured and had the potential to be thrown by the wind and cause injury to passengers; a danger of which the Defendant had actual or constructive notice.

11. As a result of being struck in the head with the Defendant's unsecured or improperly secured umbrella pole, Mr. Friedland sustained a severe injury to his head, temporary loss of hearing, injury to his neck, and other parts of his body, all of which have required medical treatment and will continue to require medical treatment in the future.

## COUNT I – NEGLIGENCE

Plaintiff incorporates paragraphs 1 – 11 and further alleges:

12. Defendant Royal Caribbean owed Plaintiff, as its passenger, the duty to act with reasonable care under the circumstances when operating its cruise ship SYMPHONY OF THE SEAS. This duty includes the duty to safely and properly maintain the ship to be reasonably safe for passengers.

13. At the time the Plaintiff was injured, the Defendant knew passengers would be spending time in the area where Plaintiff was injured. The Defendant's crew set up the chairs in the pool area where Plaintiff was sitting. The Defendant's crew also set up the subject umbrella and other umbrellas in the area.

14. Prior to Plaintiff' injury, the Defendant knew that failing to secure or improperly securing an umbrella on an exterior deck of the ship had the potential to cause injury to one or more passengers due to the umbrella's propensity to be caught up in or thrown by the wind, especially when the ship is at sea. Not securing or improperly securing the subject umbrella was a dangerous condition which the Defendant either knew or should have known about. The Defendant's crew set up the umbrella on the day of the injury or sometime earlier on the cruise vacation, and the Defendant had at least one crewmember working in the area.

15. Defendant, Royal Caribbean, through its employees and agents was negligent and failed to use reasonable care under the circumstances, which in turn resulted in a breach of its duties to the Plaintiff, by the following acts of omission and commission:

    a. Failing to secure the subject umbrella, or failing to properly secure the subject umbrella;

    b. Failing to inspect umbrellas routinely to be sure they were properly secured;

  c. Failing to have a sufficient procedure or system in place to be sure umbrellas were initially secured and remained secured and all times that they were out on the decks;

  d. Failing to train crewmembers who were working in the area to inspect the umbrellas with reasonable frequency to be sure they area and remain secured;

  e. Failing to inspect the subject umbrella prior to allowing passengers in the pool area, if the umbrellas were set up on an earlier day of the cruise; and

  f. Failing to act with reasonable care under the circumstances.

 16. As a direct and proximate result of Defendant Royal Caribbean's negligence, Plaintiff Michael Friedland suffered a severe injury to his head, temporary loss of hearing, injury to his neck, and other parts of his body, resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life and expense of hospitalization, medical and nursing care and treatment, loss of earnings and loss of ability to earn money, and aggravation of a previously existing condition.  The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.  Plaintiff also lost the value of the cruise and incurred other incidental expenses.

 WHEREFORE, Plaintiff, Michael Friedland, prays for a judgment to be entered against the Defendant, Royal Caribbean Cruises, Ltd., for compensatory damages in excess of Seventy-Five Thousand Dollars ($75,000.00), including prejudgment and post judgment interest and costs.  Plaintiff demands a trial by jury.

## COUNT II – NEGLIGENT FAILURE TO WARN

 Plaintiff incorporates paragraphs 1 – 11 and further alleges:

17. Defendant Royal Caribbean had the duty to warn its passengers of the hazards and dangers of which it either knew or had constructive notice.

18. Defendant, Royal Caribbean had actual notice that the subject umbrella was either not secure or improperly secured, because it was "set up" at its respective table by the Defendant's crew prior to being thrown by the wind into the side of Mr. Friedland's head.

19. In the alternative, the Defendant had constructive notice of the dangerous condition. The Defendant knew that an unsecured or improperly secured umbrella had the potential to cause injury to passengers based on past incidences and based on the foreseeability of an umbrella being picked up and carried by the wind and the hard poles' propensity to cause injury to a person in its path.

20. Additionally, the Defendant should have known the subject umbrella was either unsecure or improperly secured based on reasonably frequent inspections of the umbrellas for safety. There was at least one crewmember working in the area at the time of Mr. Friedland's injury who should have been performing inspections.

21. The Plaintiff was provided no warning of the umbrella's potential to cause injury. The Plaintiff should have been warned verbally, or by signage or otherwise of the umbrella's ability to be carried by the wind and become a danger to passengers if not secured.

22. Defendant Royal Caribbean's failure to warn Plaintiff Friedland of the dangerous conditions listed in paragraphs 18 – 21 above constitute a breach of its duty to warn.

23. As a direct and proximate result of the Defendant, Royal Caribbean's negligence, Plaintiff Michael Friedland, suffered a severe injury to his head, temporary loss of hearing, injury to his neck, and other parts of his body, resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life and expense of

hospitalization, medical and nursing care and treatment, loss of earnings and loss of ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future. Plaintiff also lost the value of the cruise and incurred other incidental expenses.

WHEREFORE, Plaintiff, Michael Friedland, prays for a judgment to be entered against the Defendant, Royal Caribbean Cruises, Ltd., for compensatory damages in excess of Seventy-Five Thousand Dollars ($75,000.00), including prejudgment and post judgment interest and costs. Plaintiff demands a trial by jury.

## COUNT III – FAILURE TO TRAIN

Plaintiff repeats and realleges paragraphs 1 – 11 and further alleges:

24. Defendant Royal Caribbean owed Plaintiff, as its passenger, the duty to act with reasonable care under the circumstances with regard to his safety while operating its cruise.

25. This duty includes the duty to properly train its crewmembers, including training crewmembers who are responsible for setting up, securing, and inspecting the umbrellas around the pools on exterior decks of the ship.

26. Defendant failed to use reasonable care under the circumstances when operating its cruise by failing to properly train the crewmember(s) responsible for setting up, securing, and inspecting the umbrella that struck the Plaintiff in the head after being blown across the deck by the wind.

27. The injuries sustained by the Plaintiff were caused by the Defendant's breach of its duty to train and its negligent failure to use reasonable care under the circumstances through the following actions and omissions:

      a.    Failing to train its crewmembers to look to see if the umbrellas surrounding the pool were properly secured with reasonable frequency;

      b.    Failing to train its crewmembers to secure umbrellas on the deck when setting them up;

      c.    Failing to train its crewmembers to properly secure umbrellas on the deck such that they are unable to be blown across the deck; and

      d.    Failing to act with reasonable care under the circumstances.

28. As a direct and proximate result of the Defendant's negligence, Plaintiff Michael Friedland suffered a severe injury to his head, temporary loss of hearing, injury to his neck, and other parts of his body, resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life and expense of hospitalization, medical and nursing care and treatment, loss of earnings and loss of ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future. Plaintiff also lost the value of the cruise and incurred other incidental expenses

WHEREFORE, Plaintiff, Michael Friedland, prays for a judgment to be entered against the Defendant, Royal Caribbean Cruises, Ltd., for compensatory damages in excess of $75,000.00 (Seventy Five Thousand Dollars), including prejudgment and post judgment interest and costs. Plaintiff demands a trial by jury.

        /s/ Catherine Saylor
        JACOB J. MUNCH
        E-mail: sealaw@tampabay.rr.com
        Florida Bar Number 376523
        CATHERINE M. SAYLOR
        E-mail: casey@munchandmunch.com
        Florida Bar Number 115593

MUNCH and MUNCH, P.A.
600 South Magnolia Avenue – Suite 325
Tampa, Florida 33606
Ph: (813) 254-1557 / Fax: (813) 254-5172
*Attorneys for Plaintiff, Friedland*